**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**TOMMY COSTELLO AND MARIE COSTELLO**

                **PLAINTIFF**

**VS.**

      **CAUSE NO. 2:11CV171-KS-MTP**

**THE CITY OF HATTIESBURG,
STATE OF MISSISSIPPI**

               **DEFENDANT**

**MEMORANDUM IN SUPPORT OF
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

COME NOW THE PLAINTIFFS, Tommy Costello and Marie Costello, by and through their attorney in the above-styled case, and move the Court to grant a Preliminary Injunction and in support thereof would show unto the Court the following:

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may issue a preliminary injunction preventing the Defendant from citing or otherwise inhibiting the Plaintiffs from engaging in their chosen vocation.  There is no adequate remedy at law that would afford the plaintiffs their rights until the trial, causing them lost income and the enjoyment of their vocation.

The criteria for the issuance of a preliminary injunction are almost the same as that for a temporary restraining order.  Courts have recognized those as follows:

1.      Substantial likelihood that immediate and irreparable injury, loss or damage will result to the applicant without the injunction;

2.      Minimal or at least a lessor likelihood of irreparable injury to the enjoined party in the event of the granting of the injunction;

3.      Substantial likelihood that the applicant will succeed on the merits; and

    4.     Granting of the injunction will not dis-serve the public interest.

<u>Canal Authority fo Florida v. Callaway</u>, 489 F.2d 567 (5th Cir Fla, 1974)

As this instant unfolds with trial over a year away, the Plaintiffs' constitutional rights continue to be violated by the enforcement of the unlawful ordinance. Preventing them from working and earning income increases their damages as time passes that cannot be brought back. There is little likelihood of any damage at all to the defendant in the event the Court grants the injunction. Completely shutting down the vocation of the plaintiffs substantially outweighs any harm the injunction *might* cause to the Defendants. We found no Mississippi cases defining the term "fortune-telling" or even "psychic" as we can only presume the city ordinance attacks. In our neighbor state of Louisiana, we found only one case, a criminal matter where the police had utilized the services of a psychic to help solve a rape and murder. See *State v. Rodrigue*, 409 So.2d 556 (La.1982)

Hattiesburg residents are exposed regularly to what could be defined as "fortune telling" and the like. Major networks carry programs such as Medium, Ghost Whisperer, Long Island Medium and Psychic Detectives into our homes each week. Talk shows and reality T.V. highlight the ability of physics and spiritual readers. The Hattiesburg American delivers the daily horoscope to our front door. And local bookstores carry bestsellers on the subject. Preventing the Plaintiffs from working will not prevent similar forms of "fortune-telling" from reaching the citizens of Hattiesburg. The only thing the city will accomplish is causing further harm to the Plaintiffs.

Failure to grant a preliminary injunction will prevent the Plaintiff from engaging in her chosen occupation and receiving payment for those services, thus allowing Plaintiffs damages to

continue to mount until trial where there is a substantial likelihood that they will succeed on the merits.  We base our approach here on the lack of cases that support the city's position.  And with so much exposure to the public of the same or similar types of information, we cannot imagine how the injunction preventing the city from enforcing the ordinance could have any harmful effect on the public.  As such, there should be no issue of security as the city will not be wronged by allowing the Plaintiff to practice her chosen calling.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court enter a Preliminary Injunction preventing the City from enforcing the subject ordinance and allow Plaintiffs to operate their business as "Marie - Spiritual Reader" and that such Preliminary Injunction be in full force and effect until the trial of this matter on the merits.  Plaintiffs further request that this Court advance this matter to a hearing as soon as possible pursuant to the provisions of Rule 65 of the Federal Rules of Civil Procedure.

TOMMY COSTELLO and
MARIE COSTELLO, Plaintiffs

*/s/ Donald W. Medley*
DONALD W. MEDLEY
Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

      I, Donald W. Medley, do hereby certify that I have this day caused to be served, via Pacer, the electronic filing system to:

    Charles Lawrence
    Attorney at Law
    P.O. Box 1624
    Hattiesburg, MS 39403-1624

    This, the 11th day of November, 2011.

                                      */s/ Donald W. Medley*
                                      Donald W. Medley

Donald W. Medley
Attorney at Law
P. O. Box 1724
Hattiesburg, MS 39403
601 544 8110
medleylaw@bellsouth.net
MS Bar #2832