IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TOMMY COSTELLO and MARIE COSTELLO            PLAINTIFFS

V.                          CIVIL ACTION NO. 2:11cv171-KS-MTP

THE CITYOF HATTIESBURG                          DEFENDANT

## RESPONSE TO
## MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Defendant, City of Hattiesburg, by and through its attorney of record, and file this Response to Motion for Preliminary Injunction, and in support thereof states and would show unto the court the following to-wit:

1.

Defendant admits the allegations that the Court has the authority pursuant to Rule 64 of the Federal Rules of Civil Procedure to issue a preliminary injunction.

2.

Defendant denies that the plaintiffs have no adequate remedy at law. Plaintiffs have sued the defendant seeking an adequate remedy at law in the form of monetary damages.

3.

Defendant denies that the plaintiffs constitutional rights are being violated by the enforcement of the ordinance as said rights must be balanced against the legitimate state interest of the defendant to protect the health, safety and welfare of its citizens.

4.

Defendant denies the allegations contained in paragraph 4 of the motion. The defendant at a minimum has a right and obligation to determine the proper land use zone for allowing the establishment and practice of said business so as to protect the stability of its neighborhoods and

its tax base, the primary source of its revenues which allows it to provide municipal services to its residents.

5.

Defendant denies the allegations contained in paragraph 5 of the motion as it is not aware of any similar forms of "fortune-telling" that surrounds its citizens.

6.

Defendant denies the allegations contained in paragraph 6 of the motion that as the plaintiff is able to practice her chosen profession outside the corporate limits of the city and mitigate any damages they may be entitled. Further, that any award of damages constitute an adequate remedy at law.

7.

Defendant denies the allegations contained in paragraph 7 of the motion as the defendant must protect the health, safety and welfare of its residents and its failure to do so destabilize its neighborhoods and affects its tax base reducing its revenues.

8.

Defendant denies that the plaintiffs are entitled to a preliminary injunction.

WHEREFORE, PREMISES CONSIDERED, Defendant responds and prays that the motion of the plaintiff's for a preliminary injunction be denied.

Respectfully submitted,

CITY OF HATTIESBURG, Defendant

/s/ *Charles E. Lawrence, Jr.*
CHARLES E. LAWRENCE, JR.
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Charles E. Lawrence, Jr., do hereby certify that I have this day caused to be served via the ECF filing system a true and correct copy of Defendant's Response to Motion for Preliminary Injunction to:

Donald W. Medley at medleylaw@bellsouth.net
Attorney for Plaintiff

THIS the 28th day of November 2011.

/s/ *Charles E. Lawrence, Jr.*
CHARLES E. LAWRENCE, JR.

Charles E. Lawrence, Jr.
Attorney at Law
P. O. Box 1624
Hattiesburg, MS 39403-1624
Telephone (601) 582-4157
celawjr@hotmail.com
MB #1105