IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TOMMY COSTELLO AND
MARIE COSTELLO

VS.                                           CIVIL ACTION NO. 2:11cv171-KS-MTP

THE CITY OF HATTIESBURG,
STATE OF MISSISSIPPI

## ORDER

This cause is before the Court on Motion for Preliminary Injunction [8] filed by Plaintiffs Marie Costello and Tommy Costello, Response thereto [11] filed by the City of Hattiesburg.  The Court has considered the motion, complaint, briefs of counsel, and oral argument and being fully advised in the premises, does hereby find as follows:

That the Plaintiffs seek a preliminary injunction to enjoin the City of Hattiesburg from enforcing a city ordinance, which is Section 16-18.  FORTUNE TELLING PROHIBITED.

"Fortune telling is hereby prohibited and made unlawful in the city." (Ord. 725, secs. 1-2, 1-29-25).

In the complaint the Plaintiffs allege due process and free speech issues and argue that they have established prerequisites for a preliminary injunction in this case, which are as follows:

1. A substantial likelihood that the movant will prevail on the merits.

2. A substantial threat that irreparable harm will result if the injunction is not granted.

3. The threatened injury outweighs the threatened harm to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest. Citing *Clark v. Prichard*, 812 F. 2d 991, 993 (5th Cir. 1987).

In the argument the City indicated that it was in the process of drafting a new ordinance regarding "fortune telling" and the Court, citing the case of *Howell v. City of New Orleans*, 844 F. Supp. 292 (E.D. LA 1994) found that the Plaintiffs had made out a case for preliminary injunction.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion for Preliminary Injunction filed by Plaintiffs herein be and the same is hereby **granted** and the Defendant, City of Hattiesburg, is enjoined from enforcing Section 16-18 as to the Plaintiffs herein until such time as the case has been heard on its merits or finally resolved in some way. This order does not affect the obligations of Plaintiffs to comply with all other city ordinances regulating them or their business ventures.

SO ORDERED on this, the 28th day of November, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE